IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EARL A. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:11-CV-46(MTT) |
| | ) | |
| ALLY FINANCIAL, INC., f/k/a | ) | |
| GMAC, INC., and MCCULOUGH, | ) | |
| PAYNE, & HAAN, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendant Ally Financial, Inc.'s Motion to Dismiss. (Doc. 10). For the reasons set forth below, the motion is granted.

On September 2, 2006, pro se Plaintiff Earl Bryant leased a 2006 Cadillac STS from Five Star Chevrolet-Cadillac, which later assigned the Plaintiff's lease to Defendant Ally Financial. According to the Plaintiff, he complied with all required lease contract terms and made timely monthly payments under the lease. The Plaintiff claims that between September 2, 2010 and October 6, 2010, Ally failed to specify the location where the Plaintiff was to return the vehicle once the lease expired. On October 6, 2010, the Plaintiff left the vehicle at Five Star-Warner Robins.

On October 14, 2010, Ally filed an Affidavit for Foreclosure of Personal Property in the State Court of Bibb County in order to recover the vehicle, since, according to Ally, the Defendant had failed to return the vehicle to Ally by the scheduled lease end-date. On October 25, 2010, the Plaintiff filed an answer and counterclaim in the state-

court action, claiming $25,000.00 in damages for interstate commerce fraud, deceit, and damages. Ally was later able to locate and recover the vehicle, and it therefore voluntarily dismissed its Affidavit for Foreclosure of Personal Property and moved to dismiss the Plaintiff's counterclaim. The state court granted Ally's motion to dismiss on January 21, 2011. The Plaintiff then filed this federal-court action on February 11, 2011, entitled "Affidavit for Personal Damages," with an attached "Brief In Support," in which he claims "the Defendant herein is indebted to said Plaintiff in the sum of $75,000.00 for breach of interstate commerce contract, fraud, libel and damages." (Doc. 1).

On April 19, 2011, Ally moved to dismiss the Plaintiff's complaint on the following grounds: (1) the Plaintiff's complaint fails to state a claim upon which relief may be granted; (2) the Court lacks subject matter jurisdiction; and (3) the Plaintiff's claims are barred by the doctrine of res judicata. (Doc. 10). In his Response, the Plaintiff did not address Ally's motion, but instead realleged that Defendant McCullough, Payne & Haan, LLC ("MPH"), and Ally acted "as conspirators to misuse [this Court] as a proxy to breach real and implied interstate commerce contracts." (Doc. 13). On May 19, 2011, MPH filed its Motion to Dismiss, alleging that MPH was never served with a copy of the Plaintiff's complaint, and therefore the Plaintiff's claims against it should be dismissed. (Doc. 14). The Plaintiff did not respond to MPH's motion to dismiss.

The Court must first address whether it has jurisdiction over the Plaintiff's claims. Generally, "a district court's first duty it to determine whether it enjoys subject-matter jurisdiction, because that implicates the court's very power to hear the case." *Scelta v. Delicatessen Support Services, Inc.*, 57 F. Supp. 2d 1327, 1343 (M.D. Fla. 1999)

(internal quotation marks and citations omitted).  If "a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 8(a)(1), a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction."  Here, the Plaintiff's complaint is completely devoid of such a jurisdictional statement.  The Plaintiff appears to assert that this Court has jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332, as he has not identified any basis for the invocation of federal question jurisdiction under 28 U.S.C. § 1331.[1]  Pursuant to 28 U.S.C. § 1332, a federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States."  Complete diversity must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The Plaintiff's haphazard pleadings identify Ally Financial and MPH, an Atlanta, Georgia law firm, as the Defendants.  Thus, at the very outset, it does not appear that the Plaintiff, who lists his address as being in Macon, Georgia, is completely diverse from one of the Defendants.  Moreover, the Plaintiff's "Affidavit for Personal Damages" claims that the Defendants are indebted to the Plaintiff "in the sum of $75,000.00."  (Doc. 1-2).  As noted above, to invoke diversity jurisdiction, the amount in controversy

---

[1] From what the Court is able to discern from the Plaintiff's complaint, he has asserted claims for breach of contract, fraud, and libel, all state law claims that do not support jurisdiction under section 1331.

3

must *exceed* the sum or value of $75,000.00.  *See* 28 U.S.C. § 1332.  Thus, it appears as though jurisdiction over the Plaintiff's claims fails in this respect as well.  Even holding the Plaintiff, who is proceeding pro se, to a more lenient standard than a party represented by counsel, the Court is unable to discern a basis for federal jurisdiction.

Accordingly, because the Plaintiff has failed to meet his burden of establishing that the Court has subject matter jurisdiction over his claims, Ally's motion to dismiss is **granted**, and this action is **dismissed without prejudice.**  All other pending motions are **denied as moot**.

**SO ORDERED,** this 6th day of July, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT